T.C. Memo. 2009-58

UNITED STATES TAX COURT

LAWRENCE J. WILLOUGHBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27969-07.                    Filed March 18, 2009.

Lawrence J. Willoughby, pro se.

<u>J. Anthony Hoefer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of
$6,195 in petitioner's Federal income tax (tax) for his taxable
year 2006.

The issues remaining for decision for petitioner's taxable
year 2006 are:

(1) Is petitioner entitled to head of household filing status under section 2(b)?[1]  We hold that he is not.

(2) Is petitioner entitled to the child care credit under section 21(a)?  We hold that he is not.

(3) Is petitioner entitled to the additional child tax credit under section 24?  We hold that he is not.

(4) Is petitioner entitled to the earned income tax credit under section 32(a)?  We hold that he is not.

FINDINGS OF FACT

Some of the facts in this case have been stipulated by the parties and are so found.

At the time petitioner filed the petition, he resided in Nebraska.

Throughout 2006, petitioner resided with a woman to whom he was not married and that woman's two daughters, JP and KP, who were not his biological or adoptive daughters.  During that year, petitioner provided more than one-half of the total support of each of those children.  Neither JP nor KP suffered from any physical or mental impairment in 2006.

Petitioner timely filed Form 1040A, U.S. Individual Income Tax Return, for his taxable year 2006 (2006 tax return).  In the 2006 tax return, petitioner claimed (1) head of household filing

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

status, (2) dependency exemption deductions for JP and KP, (3) the child care credit, (4) the additional child tax credit, and (5) the earned income tax credit. In that return, petitioner claimed the additional child tax credit because he reported in that return a total tax liability of zero.

Respondent issued to petitioner a notice of deficiency (notice) for his taxable year 2006. In that notice, respondent, inter alia, disallowed petitioner's claimed (1) head of household filing status, (2) dependency exemption deductions for JP and KP, (3) child care credit, (4) additional child tax credit, and (5) earned income tax credit.

## OPINION

It is petitioner's position that, because respondent concedes that he is entitled for his taxable year 2006 to dependency exemption deductions for JP and KP, he is entitled for that year to head of household filing status, the child care credit, the additional child tax credit, and the earned income tax credit that he claimed in his 2006 tax return.

## Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As pertinent here, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household" if that individual "maintains as his home a household which constitutes for more than one-half of such

taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151", sec. 2(b)(1)(A)(ii).  As pertinent here, however, section 2(b)(3)(B)(i) provides that "a taxpayer shall not be considered to be a head of a household * * * by reason of an individual who would not be a dependent for the taxable year but for * * * subparagraph (H) of section 152(d)(2)".

Respondent concedes that petitioner is entitled for his taxable year 2006 to dependency exemption deductions for JP and KP.  According to respondent, petitioner is entitled to those deductions only because JP and KP are his dependents under section 152(a)(2) by reason of their being his qualifying relatives under section 152(d)(2)(H).  We must determine whether respondent is correct.  If we find that respondent is correct, petitioner is not entitled for his taxable year 2006 to head of household filing status.  See sec. 2(b)(3)(B)(i).

Section 151(a) provides that "the exemptions provided by this section shall be allowed as deductions" to a taxpayer. Section 151(c) provides for an exemption for each dependent of the taxpayer as defined in section 152.  Section 152(a) defines

the term "dependent" to mean either "(1) a qualifying child, or (2) a qualifying relative."

We turn first to whether JP and KP are petitioner's qualifying children as defined in section 152(c) and therefore are his dependents under section 152(a)(1). Section 152(c) defines the term "qualifying child" as follows:

SEC. 152. DEPENDENT DEFINED.

(c) Qualifying Child.--For purposes of this section--

(1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

(B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,

(C) who meets the age requirements of paragraph (3), and

(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

A person under age 19 at the close of the taxpayer's taxable year meets the age requirements of section 152(c)(1)(C). See sec. 152(c)(3)(A)(i).

Section 152(c)(2) provides that a person bears a relationship to the taxpayer for purposes of section 152(c)(1)(A) "if such individual is--(A) a child of the taxpayer or a descendant

of such a child, or (B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative."

Section 152(f)(1) defines the term "child" for purposes of section 152 to mean either "a son, daughter, stepson, or step-daughter of the taxpayer," sec. 152(f)(1)(A)(i), or "an eligible foster child of the taxpayer",[2] sec. 152(f)(1)(A)(ii). An indi-vidual (1) legally adopted by the taxpayer or (2) placed with the taxpayer for adoption by the taxpayer is treated as a child of the taxpayer by blood.[3] Sec. 152(f)(1)(B).

The term "stepdaughter" in section 152(f)(1)(A) is not defined in the Code. "Where, as is the case here, the statute does not define the word, we generally interpret it by using its ordinary and common meaning." Carlson v. Commissioner, 116 T.C. 87, 93 (2001) (fn. ref. omitted). Merriam-Webster's Collegiate Dictionary 1223 (11th ed. 2007), defines the word "stepdaughter" to mean "a daughter of one's wife or husband by a former part-ner". We have found that during 2006 petitioner was not married to the mother of JP and KP. On the record before us, we find that during that year neither JP nor KP was petitioner's step-daughter under section 152(f)(1)(A)(i).

---

[2]Petitioner does not contend that JP and KP are eligible foster children under sec. 152(f)(1)(A)(ii).

[3]Petitioner does not contend that JP and KP were placed with him for adoption before or during 2006.

We have found that during 2006 JP and KP were not petitioner's biological or adoptive daughters.  See sec. 152(f)(1)(A)(i) and (B).  On the record before us, we find that during 2006 neither JP nor KP was a child of petitioner as defined in section 152(f)(1).  On that record, we further find that for his taxable year 2006 neither JP nor KP is a qualifying child of petitioner as defined in section 152(c) and that therefore neither is his dependent under section 152(a)(1).

We turn next to whether for petitioner's taxable year 2006 JP and KP are his qualifying relatives and therefore are his dependents because they are described in a subparagraph of section 152(d)(2) other than section 152(d)(2)(H).[4]  Section 152(d) defines the term "qualifying relative" as follows:

> SEC. 152.  DEPENDENT DEFINED.
>
> (d) Qualifying Relative.--For purposes of this section--
>
> > (1) In general.--The term "qualifying relative" means, with respect to any taxpayer for any taxable year, an individual--
> >
> > > (A) who bears a relationship to the taxpayer described in paragraph (2),
> > >
> > > (B) whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in section 151(d)),

---

[4]It is sec. 152(d)(2)(H) on which respondent bases respondent's concession that JP and KP are petitioner's qualifying relatives and therefore are his dependents.

(C) with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year in which such taxable year begins, and

(D) who is not a qualifying child of such taxpayer or of any other taxpayer for any taxable year beginning in the calendar year in which such taxable year begins.

As pertinent here, section 152(d)(2) provides that an individual bears a relationship to the taxpayer for purposes of section 152(d)(1)(A) if the individual is:

(A) A child or a descendant of a child.

  *       *       *       *       *       *       *

(H) An individual (other than * * * the spouse * * * of the taxpayer) who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household.

We have found that during 2006 neither JP nor KP was a child of petitioner as defined in section 152(f)(1).[5]  On the record before us, we find that for petitioner's taxable year 2006 neither JP nor KP is petitioner's qualifying relative by reason of section 152(d)(2)(A).

Petitioner does not claim, and the record does not establish, that JP or KP is (1) petitioner's sister or stepsister, (2) his mother or an ancestor of his mother, (3) his stepmother, (4) a daughter of petitioner's brother or sister, (5) a sister of

---

[5]As discussed above, sec. 152(f)(1) defines the term "child" for purposes of sec. 152.

petitioner's father or mother, or (6) petitioner's daughter-in-law, sister-in-law, or mother-in-law.  See sec. 152(d)(2)(B)-(G).

Based upon our findings and respondent's concession that for petitioner's taxable year 2006 JP and KP are his qualifying relatives under section 152(d)(2)(H), we find that for that year neither JP nor KP would be petitioner's dependent but for section 152(d)(2)(H).  We further find that pursuant to section 2(b)(3)(B)(i) petitioner is not entitled for that year to head of household filing status under section 2(b).

Child Care Credit

Section 21(a) allows a taxpayer a credit for a certain percentage of employment-related expenses incurred to enable the taxpayer to be employed gainfully, including expenses for the care of a qualifying individual.  See sec. 21(a) and (b)(2).  As pertinent here, section 21(b)(1) defines the term "qualifying individual" to mean:

> SEC. 21.  EXPENSES FOR HOUSEHOLD AND DEPENDENT CARE SERVICES NECESSARY FOR GAINFUL EMPLOYMENT.
>
> (b) Definitions of Qualifying Individual and Employment-Related Expenses.--For purposes of this section--
>
> > (1) Qualifying individual.--The term "qualifying individual" means--
> >
> > > (A) a dependent of the taxpayer (as defined in section 152(a)(1)) who has not attained age 13, [or]
> > >
> > > (B) a dependent of the taxpayer (as defined in section 152, determined without

- 10 -

> regard to subsections (b)(1), (b)(2), and
> (d)(1)(B)) who is physically or mentally
> incapable of caring for himself or herself
> and who has the same principal place of abode
> as the taxpayer for more than one-half of
> such taxable year * * *

We have found that for his taxable year 2006 neither JP nor KP is a qualifying child of petitioner as defined in section 152(c) and that therefore neither is his dependent under section 152(a)(1).  On the record before us, we find that for petitioner's taxable year 2006 neither JP nor KP is a qualifying individual as defined in section 21(b)(1)(A) with respect to petitioner.

Although respondent concedes that for petitioner's taxable year 2006 JP and KP are petitioner's dependents under section 152(a)(2), we have found that neither JP nor KP suffered from any physical or mental impairment during that year.  In addition, the record does not establish that JP or KP was physically or mentally incapable of caring for herself.  On the record before us, we find that for petitioner's taxable year 2006 neither JP nor KP is a qualifying individual as defined in section 21(b)(1)(B) with respect to petitioner.

On the record before us, we find that petitioner is not entitled for his taxable year 2006 to the child care credit under section 21(a).

Additional Child Tax Credit

Section 24(a) provides a credit with respect to each quali-
fying child of the taxpayer.  Section 24(c)(1) defines the term
"qualifying child" as "a qualifying child of the taxpayer (as
defined in section 152(c)) who has not attained age 17."[6]

The child tax credit may not exceed the taxpayer's regular
tax liability.  Sec. 24(b)(3).  Where a taxpayer is eligible for
the child tax credit, but the taxpayer's regular tax liability is
less than the amount of the child tax credit potentially avail-
able under section 24(a), section 24(d) makes a portion of the
credit, known as the additional child tax credit, refundable.

We have found that for his taxable year 2006 neither JP nor
KP is a qualifying child of petitioner as defined in section
152(c).  On the record before us, we find that for that year
neither JP nor KP is a qualifying child of petitioner as defined
in section 24(c).  On that record, we further find that peti-
tioner is not entitled for his taxable year 2006 to the child tax
credit under section 24(a)[7] and that therefore he is not entitled

---

[6]The parties do not dispute that JP and KP were both under
age 17 at the close of petitioner's taxable year 2006 and that
therefore each satisfies the age restriction in sec. 24(c)(1).

[7]In the 2006 tax return, petitioner did not claim the child
tax credit; he claimed only the additional child tax credit
because he reported in that return a total tax liability of zero.

for that year to the additional child tax credit under section 24(d).

Earned Income Tax Credit

Section 32(a)(1) permits an eligible individual an earned income credit against that individual's tax liability.[8]  As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year". Sec. 32(c)(1)(A)(i).  Section 32(c)(3)(A) defines the term "qualifying child" to mean "a qualifying child of the taxpayer (as defined in section 152(c) * * *)."

We have found that for his taxable year 2006 neither JP nor KP is a qualifying child of petitioner as defined in section 152(c).  On the record before us, we find that for that year neither JP nor KP is a qualifying child of petitioner as defined in section 32(c)(3)(A).  On that record, we further find that for his taxable year 2006 petitioner is not an eligible individual as defined in section 32(c)(1)(A)(i).  On the record before us, we find that petitioner is not entitled for his taxable year 2006 to the earned income tax credit under section 32(a).[9]

---

[8]The amount of the credit is determined based on percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children.  Sec. 32(b).  The credit is also subject to a limitation based on adjusted gross income.  Sec. 32(a)(2).  See infra note 9.

[9]Assuming arguendo that petitioner were an eligible individ-
(continued...)

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concession of respondent,

Decision will be entered

under Rule 155.

---

[9](...continued)
ual as defined in sec. 32(c)(1)(A)(ii) for his taxable year 2006, he nonetheless would not be entitled to the earned income tax credit for that year. That is because petitioner reported adjusted gross income for his taxable year 2006 of $21,025. Sec. 32(a)(2) completely phases out the earned income tax credit for an eligible individual with no qualifying children where the taxpayer has adjusted gross income in excess of $12,120 for the taxable year 2006. See Rev. Proc. 2005-70, sec. 3.06(1), 2005-2 C.B. 979, 982.