**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-57

UNITED STATES TAX COURT

FRANK BAKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5429-13S.                    Filed June 23, 2014.

Frank Baker, pro se.

<u>Halvor R. Melom</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $8,339 in petitioner's Federal income tax for 2011 and an accuracy-related penalty of $1,668 pursuant to section 6662(a).  Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a).

Petitioner concedes that he is not entitled to education credits (including the American Opportunity Credit) that he claimed for 2011.  Respondent concedes that petitioner is entitled to dependency exemption deductions for two minor children, D.T.R. and Z.D.C., because they are his qualifying relatives within the meaning of section 152(d).[2]

The issues remaining for decision are whether petitioner is:  (1) eligible for head of household filing status; (2) entitled to a child tax credit and an additional child tax credit; (3) entitled to an earned income tax credit (EIC); (4) subject to the

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended and in effect for 2011 (the year in issue), and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[2]It is the Court's policy to refer to minors only by their initials.  See Rule 27(a)(3).

restrictions prescribed in section 32(k)(1)(B)(ii) for the taxable years 2012 and 2013; and (5) liable for an accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in California when the petition was filed.

During 2011 petitioner was employed for part of the year at BJ's Fashion Apparel and at Pacific Maritime Association where he earned wages of $8,741 and $8,656, respectively. He also received unemployment compensation of $5,027.

Throughout 2011 petitioner resided with and supported his fiance, Starcania Ford, and her two minor children, D.T.R. and Z.D.C. Petitioner is not the biological father of either D.T.R. or Z.D.C., and he has not adopted the children. At the time of trial petitioner and Ms. Ford had never been married.

During 2011 petitioner paid approximately $1,500 per month in household expenses. Ms. Ford testified that petitioner provided more than one-half of D.T.R.'s and Z.D.C.'s support during 2011. She stated that, other than a relatively small amount of public assistance that she and the children received during 2011, petitioner provided for them by paying the rent, utility charges, and food and

clothing expenses. Ms. Ford did not work during 2011, and she did not file a Federal income tax return for that year.

Petitioner paid a tax return preparer to prepare his Federal income tax return for 2011. He met with the preparer and described his relationship and living arrangements with Ms. Ford, D.T.R., and Z.D.C. In accordance with his return preparer's advice, petitioner filed a Form 1040A, U.S. Individual Income Tax Return, claiming head of household filing status, dependency exemption deductions for D.T.R. and Z.D.C., an EIC (claiming D.T.R. and Z.D.C. as qualifying children), and the child tax credit and additional child tax credit (claiming only Z.D.C. as a qualifying child). The preparer completed the return, and petitioner authorized him to file it electronically with the Internal Revenue Service.

Respondent subsequently issued a notice of deficiency to petitioner for the year in issue disallowing (1) the deductions and credits mentioned above and (2) head of household filing status. Respondent further determined that in accordance with the provisions of section 32(k)(1)(B)(ii) petitioner is barred from claiming the EIC for 2012 and 2013 and is liable for the accuracy-related penalty under section 6662(a).

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner does not contend that the burden of proof should shift to respondent in accordance with the provisions of section 7491(a)(1).

### II. Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies for head of household filing status. Section 2(b)(1) generally defines a head of household as an individual taxpayer who: (1) is unmarried as of the close of the taxable year and is not a surviving spouse and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), or (b) any other person who is a dependent of the taxpayer, if the taxpayer

is entitled to a deduction for the taxable year for such person under section 151. See Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007). As pertinent here, however, section 2(b)(3)(B)(i) provides that "a taxpayer shall not be considered to be a head of a household * * * by reason of an individual who would not be a dependent for the taxable year but for * * * subparagraph (H) of section 152(d)(2)".[3]

Section 152(c) defines the term "qualifying child" and includes a number of specific conjunctive requirements. Among those requirements is the relationship requirement, prescribed in section 152(c)(2), which is satisfied if the individual is either a child of the taxpayer or a descendant of such a child, or a brother, sister, stepbrother, stepsister, or a descendant of such a relative. Section 152(f)(1)(A)(i) defines the term "child" to mean either "a son, daughter, stepson, or stepdaughter of the taxpayer".

Petitioner was not married to Ms. Ford during the year in issue, is not the biological father of D.T.R. or Z.D.C., and did not adopt them as his children. It follows that neither D.T.R. nor Z.D.C. was a child of petitioner as defined in

---

[3]Sec. 152(d)(2)(H) provides that an individual may satisfy the relationship test and be treated as a "qualified relative" of the taxpayer, although unrelated by blood or marriage to the taxpayer, if the individual has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the taxable year.

section 152(f)(1) or a qualifying child of petitioner as defined in section 152(c) during 2011. See Willoughby v. Commissioner, T.C. Memo. 2009-58.

Although respondent concedes that D.T.R. and Z.D.C. were petitioner's qualifying relatives and dependents during 2011, the record shows that respondent conceded that issue because D.T.R. and Z.D.C., in addition to meeting other requirements, satisfied the relationship test prescribed in section 152(d)(2)(H), i.e., they had the same principal place of abode and were members of petitioner's household during 2011. Consistent with the exception set forth in section 2(b)(3)(B)(i), we sustain respondent's determination that petitioner is not entitled to head of household filing status but rather is assigned single filing status for 2011. See Willoughby v. Commissioner, T.C. Memo. 2009-58.

III. Earned Income Tax Credit

Section 32(a)(1) allows an eligible individual an EIC. Section 32(c)(1)(A)(i) defines an "eligible individual" as an individual who has a qualifying child for the taxable year.[4] The term "qualifying child" is defined in section 32(c)(3)(A) to mean a qualifying child of the taxpayer (as defined in section 152(c), determined without regard to paragraph (1)(D) thereof and section

---

[4]Petitioner does not contend that he would be eligible for an EIC without a qualifying child under the provisions of sec. 32(c)(1)(A)(ii).

152(e)).  Petitioner identified D.T.R. and Z.D.C. as qualifying children for purposes of the EIC claimed on his return.  As previously discussed, D.T.R. and Z.D.C. were not petitioner's qualifying children as defined in section 152(c).  As a matter of law, petitioner is not entitled to an EIC for 2011.

## IV.  Child Tax Credit and Additional Child Tax Credit

Section 24(a) and (c)(1) provides that a taxpayer is entitled to a child tax credit with respect to "each qualifying child", as defined in section 152(c), who has not attained age 17 and for whom the taxpayer is allowed a deduction under section 151.  Section 24(d) provides that a portion of the child tax credit, commonly referred to as the additional child tax credit, may be refundable.

Petitioner claimed Z.D.C. as a qualifying child on his tax return for purposes of the child tax credit and additional child tax credit.  Z.D.C. was not petitioner's qualifying child as defined in section 152(c).  It follows that, as a matter of law, petitioner is not entitled to a child tax credit or an additional child tax credit for 2011.

## V.  Section 32(k)

Section 32(k)(1)(B)(ii) disallows the EIC for "the period of 2 taxable years after the most recent taxable year for which there was a final determination that the taxpayer's claim of credit under this section was due to reckless or intentional

disregard of rules and regulations (but not due to fraud)." Respondent determined that the restrictions imposed by section 32(k)(1)(B)(ii) are applicable to petitioner.

Although we have concluded that petitioner is not entitled to an EIC for 2011, he testified credibly that he relied upon and followed the advice of his paid tax return preparer. On this record, we conclude that petitioner did not act recklessly or with intentional disregard of rules and regulations. Thus, petitioner is not subject to the restrictions imposed by section 32(k)(1)(B)(ii).

## VI. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the taxpayer's negligence or disregard of rules or regulations or that is attributable to any substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with the tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). By definition, an understatement is the excess of the tax required to be shown on the tax return over the tax actually shown on the return. Sec. 6662(d)(2)(A). An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty with respect to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to such portion. The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances, including the taxpayer's knowledge, education, and experience, as well as the taxpayer's reliance on professional advice. Thomas v. Commissioner, T.C. Memo. 2013-60; see Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000) (providing a three-prong test to establish reasonable reliance on professional advice), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess

his or her proper tax liability. Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

Assuming that respondent has met his burden of production,[5] we nevertheless conclude that petitioner has carried his burden with respect to reasonable cause and good faith. It is clear from the record that petitioner is not a tax expert or experienced in tax matters. We are satisfied that petitioner met with his return preparer and fully disclosed the facts necessary to compute his correct tax liability. After considering the totality of the facts and circumstances, we conclude that petitioner acted in good faith and comes within the reasonable cause exception of section 6664(c)(1). See sec. 1.6664-4(b)(1), Income Tax Regs. Therefore, we hold that petitioner is not liable for the accuracy-related penalty under section 6662(a).

VII. Conclusion

We commend petitioner for supporting his fiance's children. We are bound, however, by the applicable statutes as written. See Jibril v. Commissioner, T.C. Memo. 2013-267, at *8. For the reasons stated above, petitioner is entitled to dependency exemption deductions for D.T.R. and Z.D.C., but he is ineligible to

---

[5]Respondent will have met his burden of production if Rule 155 computations show that petitioner had a substantial understatement of income tax. See, e.g., Jarman v. Commissioner, T.C. Memo. 2010-285.

claim head of household filing status, the child tax credit and the additional child tax credit, and the EIC.

To reflect the foregoing,

Decision will be entered

under Rule 155.